IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICHOLAS CHARLES INCORVIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-00292-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 771 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's"] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citations omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966)). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the

[ALJ]." *Hard v Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citations omitted).

## Discussion

By way of overview, the ALJ determined Plaintiff suffers from the following severe impairments: lumbar strain; idiopathic progressive neuropathy; posttraumatic stress disorder (PTSD); panic disorder; generalized anxiety disorder; dysthymic disorder; mild neurocognitive disorder; and obesity. The ALJ also determined that Plaintiff has the following non-severe impairments: tachycardia; hypertension; hyperlipidemia; and disorders of the gastrointestinal system. However, the ALJ found that none of Plaintiff's impairments, whether considered separately or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite limitations, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with limitations. The ALJ determined that Plaintiff has no past relevant work experience, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

Plaintiff presents the following arguments on appeal: (1) whether the ALJ properly assessed the RFC on a function-by-function basis; (2) whether the ALJ properly weighed the medical opinions of Dr. Baker, Dr. Mensch, Dr. Breckenridge, and Dr. Markway; (3) whether the ALJ's RFC determination is supported by substantial evidence regarding Plaintiff's physical and mental impairments; and (4) whether the ALJ erred at step five of the evaluation process.

First, Plaintiff argues the ALJ failed to properly assess Plaintiff's physical limitations in the RFC on a function-by-function basis because the ALJ did not assess exertional levels first.[1]

---

[1] Plaintiff first relies on *Hayes v. Astrue* to support his contention that the RFC's functional limitations were insufficient to account for Plaintiff's functional limitations. 2012 WL 393406, at *5 (W.D. Mo. Feb. 6, 2012). However, *Hayes* is distinguishable because no functional limitations were presented in the *Hayes* RFC, but here, the ALJ presented functional limitations in the RFC.

Next, Plaintiff's reliance on *Brown v. Astrue* is similarly displaced. 2010 WL 889835, at *25 (E.D. Mo. Mar. 8, 2010). In *Brown*, the ALJ failed to include limitations in the RFC as to conditions resulting from the plaintiff's stroke and peripheral neuropathy, and the medical record clearly indicated functional limitations would result concerning the plaintiff's ability to reach, pull, and handle items. *Id*. Therefore, the Court determined that the ALJ's silence regarding the plaintiff's reaching, pulling, and handling limitations meant the ALJ had not considered these limitations. *Id*. Here, unlike *Brown*, while the ALJ is silent

The ALJ is not required to address every claimed physical limitation; instead, the ALJ need only address physical limitations that result from an individual's medically determinable impairments. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (the ALJ did not make "specific findings . . . as to sitting, standing, and walking, [and] we do not believe that he [ALJ] overlooked those functions . . . the record reflects that the ALJ implicitly found that [claimant] was not limited to these areas . . . all of the functions that the ALJ specifically addressed in the RFC were those in which he found a limitation, thus giving us some reason to believe that those functions that he omitted were those that were not limited"). Here, the ALJ found that any physical limitations Plaintiff had in his ability to sit, stand, walk, push, or pull did not preclude Plaintiff from sedentary work; therefore, substantial evidence supports the ALJ's RFC determination and corresponding functional limitations concerning Plaintiff's physical limitations.

Next, Plaintiff argues the ALJ erred in weighing the medical opinions. The ALJ gave Dr. Markway's opinion great weight because his opinions were well-supported and consistent with the record, including medical examination findings, Plaintiff's conservative treatment history, and Plaintiff's extensive daily activities, including earning a bachelor's degree during the time Plaintiff is claiming disability. Next, the ALJ awarded Dr. Baker's opinion little weight because the opinion was inconsistent with Dr. Baker's own treatment notes and examinations, and Dr. Baker's limitations were inconsistent with the record as a whole showing normal diagnostic studies and examinations. Next, the ALJ awarded Dr. Mensch and Dr. Breckenridge's opinions little weight because they were inconsistent with the medical record as a whole, conflicted with Dr. Markaway's assessment of only moderate limitations, and were inconsistent with Plaintiff's activities of daily living. *See Papesh v. Colvin*, 786 F.3d 1126, 1133 (8th Cir. 2015) ("because non-examining sources have no examining or treating relationship . . . the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions") (quoting 20 C.F.R. § 404.1527(c)(3)); *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (affirming the ALJ's decision to "discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions")

---

regarding sitting, standing, pushing, and pulling limitations, the medical record does not suggest Plaintiff's sitting, standing, pushing, and pulling abilities would rise to the level of a functional limitation.

(internal citations and quotations omitted); *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (an ALJ may discount or reject a medical opinion when that opinion is inconsistent with the record as a whole).

Next, Plaintiff argues the RFC determination concerning Plaintiff's physical impairments is unsupported by substantial evidence because the ALJ rejected Dr. Baker's opinion concerning Plaintiff's functional limitations stemming from Plaintiff's severe impairments. The ALJ incorporated some of Dr. Baker's opined limitations which limited Plaintiff to no operation of foot controls; no climbing, kneeling, crouching, or crawling; and provided for environmental limitations. Substantial evidence supports the ALJ's decision to discount Dr. Baker's other limitations because the limitations were inconsistent with the record, inconsistent with Plaintiff's extensive activities of daily living, inconsistent with Plaintiff's own testimony, and inconsistent with Dr. Southwell's opinion that Plaintiff did not provide full effort on diagnostic tests. *See Wilkerson v. Colvin*, 2014 WL 3361821, at *4 (W.D. Mo. July 9, 2014) (an ALJ is not required to immediately provide supporting evidence for each limitation the ALJ found in Plaintiff's RFC, and instead it is the ALJ's responsibility to explain the evidence overall).

Finally, Plaintiff argues the ALJ failed to sustain her burden at step five. The ALJ's RFC determination limited Plaintiff to performing repetitive work, but the VE opined that Plaintiff could perform the job of document scanner, which was not limited to repetitive work. While the job of document scanner does not comply with the RFC limitations, the VE provided two additional jobs that exist in significant numbers that Plaintiff could perform. Therefore, substantial evidence supports the ALJ's reliance on the VE's testimony that jobs exist in the economy in significant numbers that Plaintiff can perform. *See Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) ("the ALJ did not err in relying on the vocational expert's testimony . . . [a]n ALJ may rely on a vocational expert's testimony as long as some of the identified jobs satisfy the claimant's residential functional capacity"); *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) ("[i]n posing a hypothetical to a vocational expert, an ALJ need only include impairments that the ALJ finds credible"). Accordingly, substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the ALJ is **AFFIRMED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: September 24, 2018